REMAND/JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 15-9398-GW(JPRx) | Date | January 6, 2016 |
|---|---|---|---|
| Title | *Shams Akhtar v. Ahshan Mohiuddin* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Javier Gonzalez | None Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

None Present   None Present

**PROCEEDINGS (IN CHAMBERS):   ORDER REMANDING MATTER TO STATE COURT**

On August 25, 2015, Shams Akhtar ("Plaintiff") filed an unlawful detainer action in state court against Ahsan Mohiuddin ("Defendant"). *See* Notice of Removal at 14-16 of 21, Docket No. 1 (case docket for state court action). Proof of service as to Defendant was filed on September 18, 2015. *Id.* An amended complaint was filed on October 7, 2015. *Id.* Defendant, proceeding in pro per, removed the action to this Court on December 4, 2015.[1] Defendant asserts that federal question jurisdiction exists because certain "actions of the [state] court and [P]laintiff constitute actions taken under the 'color of state law' to deprive this Def[endant] of his due process of law guaranteed by the 14th Amendment of the U.S. Constitution." *Id.* at 2:10-14. Defendant also asserts that the Court has subject matter jurisdiction under 39 U.S.C. § 101 *et seq.* and the Americans with Disabilities Act, apparently because Plaintiff has failed to "provide a lock & key enclosed mail box" to Defendant and failed to "take corrective measures in the parking facility for [Defendant] after [Defendant] became (partially) disabled." *Id.* at 2:15-22.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). It is this Court's duty to always examine its own subject matter jurisdiction, s*ee Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985

---

[1] Given this timeline, it appears that Defendant's removal was untimely. *See* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.").

:

Initials of Preparer   JG

**REMAND/JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9398-GW(JPRx) | Date | January 6, 2016 |
|---|---|---|---|
| Title | *Shams Akhtar v. Ahshan Mohiuddin* | | |

(9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations).  A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists.  *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).  Further, a "strong presumption" against removal jurisdiction exists.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Subject matter jurisdiction exists over civil actions "arising under" federal law.  28 U.S.C. § 1331.  A claim arises under federal law "when a federal question is presented on the face of plaintiff's properly pleaded complaint."  *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Here, Plaintiff brought an action for unlawful detainer, a state law claim, against Defendant.  As indicated herein, Defendant contends that federal jurisdiction exists in light of on various purported counterclaims.  Importantly, there is no federal question jurisdiction even if there is a federal defense to the claim or a counterclaim arising under federal law.  *See id.* at 392-93.  As a result, Defendant's reliance on purported counterclaims arising under federal law cannot serve as the basis for federal question jurisdiction.  This is a state law unlawful detainer case, and there is no federal question presented by Plaintiff's unlawful detainer complaint.

The Court thus REMANDS the action to state court and orders the Court Clerk promptly to serve this order on all parties who have appeared in this action.

: 

Initials of Preparer    JG